## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CLYDE JAMES BARNES, JR.,**

      **Plaintiff,**

      **v.**                        **CASE NO.  21-3034-SAC**

**DANIEL VOKINS,**

      **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  Plaintiff is detained at the Johnson County Adult Detention Center in Olathe, Kansas.  On May 18, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until June 11, 2021, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that Plaintiff's allegations relate to his pending state criminal case.  Plaintiff names the state court judge as the sole defendant and seeks release from custody and compensation for property lost as a result of his arrest.

The Court found in the MOSC that Plaintiff's claims against the state court judge should be dismissed on the basis of judicial immunity.  The Court also found that the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  To the extent Plaintiff seeks release from custody, such a challenge must be brought in a habeas action.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  Likewise,  before  Plaintiff  may

proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court's MOSC provided that "failure to respond by the deadline may result in dismissal of this action without further notice." (Doc. 5, at 7.) Plaintiff has failed to respond by the deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Therefore, this matter is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 14, 2021, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**